UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE ANTOINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-0926** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "K"(1)** |

## ORDER AND OPINION

Before the Court is a motion for summary judgment filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm") (Doc. 17). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion for summary judgment.

### BACKGROUND

On August 29, 2005, Willie Antoine and Mathilda Antoine had in effect on their home located at 7721 Shaw Avenue in New Orleans, Louisiana, a Standard Flood Insurance Policy ("SFIP") issued under the federal government's National Flood Insurance Program ("NFIP"). The policy provided coverage limits of $96,000.00 for dwelling damages and $32,600.00 for contents damage.

The home sustained damages as a result of the flooding that occurred in connection with Hurricane Katrina. In November 2005 the Antoines made a claim with State Farm for the damages sustained by the property. State Farm opened a claim file and assigned Danny Locklear, an adjuster, to determine the extent of the damages. After inspecting the property, Mr. Locklear estimated that the damages to the Antoines' contents exceeded the policy limits of $32,600.00 and also estimated that the damages to the dwelling totaled $52,299.81. On December 2, 2005, State Farm tendered to

the Antoines $32,600.00 for contents damage and $52,299.81 for dwelling damage. On August 29, 2007, Willie Antoine filed suit against State Farm seeking to recover damages under his flood insurance policy

In September 2007, Brenda Jones, apparently acting pursuant to a power of attorney for Willie Antoine, submitted to State Farm an invoice for an "AC Condenser" to replace the one alleged to have been damaged during the flooding. On February 15, 2008 Brenda Jones provided State Farm with an executed proof of loss for the amounts previously paid to State Farm as well as an additional $2,350.00 for the "AC Condenser." Following receipt of the proof of loss, State Farm sought and received from the Federal Emergency Management Agency ("FEMA") a waiver of the applicable limitation for filing a proof of loss. State Farm then tendered an additional payment of $2,350.00 to the insured.

State Farm moves for summary judgment on all of plaintiff's claims contending that any recovery of additional benefits under the policy is barred because plaintiff failed to submit a timely proof of loss. Plaintiff opposes the motion asserting that summary judgment is precluded because there is a genuine issue of material fact as to whether State Farm will waive the proof of loss requirement. Plaintiff also asserts that strict compliance with the proof of loss requirement is not always necessary.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Mere allegations or denials are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

LAW AND ANALYSIS

The NFIP is a federally supervised and guaranteed insurance program administered by Federal Emergency Management Agency ("FEMA"). Although State Farm is a WYO insurance provider, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright v. Allstate Insurance Company*, 415 F.3d 384, 386 (5th Cir. 2005) citing *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). Because plaintiff seeks to recover benefits under an insurance policy issued

3

pursuant to a federal program, the provisions of the policy must be strictly construed and enforced. *Gowland v. Aetna*, 143 F.3d at 954.

The NFIP requires a policyholder seeking payment under a flood policy to submit a proof of loss within sixty (60) days after the loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). However, FEMA may extend the time period for filing a proof of loss. The Court takes judicial notice that by letter dated August 31, 2005, David I. Maurstad, the then Acting Federal Insurance Administrator, expressly modified the proof of loss requirement to require the filing of a proof of loss only when a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim. Where the policyholder disagreed with the insurer's adjustment, the policyholder had one year from the date of the loss to file a proof of loss.

The policyholder's proof of loss must meet the requirements set out in the insurance policy. The SFIP provides that the proof of loss must include specific information, including ". . . (f) [s]pecifications of damaged buildings and detailed repair estimates, . . ." as well as "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. Pt. 61, App. A(1), art. VII, J.3 and J4(f). The SFIP also requires that an insured attach all bills, receipts, and related documents to the inventory. 44 C.F.R. Pt. 61, App A(1) art. VII J. 3.

The "failure to timely file a [proof of loss] complying with the regulatory requirements is a valid basis for denying an insured's claim. *Wright v. Insurance Company*, 415 F.3d at 387, citing *Neuser v. Hocker*, 246 F.3d 508, 510 (6th Cir. 2001), *Gowland v. Aetna*, 143 F.3d at 954. To put it another way, "failure to provide a complete sworn proof of loss statement . . . relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d at 954. "The insured may not file a lawsuit against his WYO insurer 'unless [he has] complied with **all** the requirements of th [SFIP].'" *Eichaker v. Fidelity National Property & Casualty Company*,

4

2008 WL 2308959 *3 (E.D. La June 3, 2008)(Africk, J), citing 44 C.F.R. pt. 61, app. A(1) art. VII. R.

State Farm relies upon the affidavit of James Talley, the Claims Team Manager for State Farm, which states in pertinent part:

- "Other than the Proof of Loss dated February 15, 2008 for which the entire amount has been paid to the insureds, State Farm is not aware of any other Proofs of Loss for any further amounts owed for building damages caused by Hurricane Katrina";
- "Other than FEMA Bulletin 2-5040, State Farm is not aware of any waivers of the Proof of Loss requirement granted by the Federal Insurance Administrator for these insureds";
- Other than the invoice for the "AC Condensor" submitted during the adjustment of the claim and for which State Farm has reviewed and paid, the insureds have not submitted any further documentation to State Farm to substantiate any further damage that has not been paid"; and
- As of March 16, 2010, "Plaintiffs have not submitted any documents to substantiate any further amounts owed for building damage caused by Hurricane Katrina."

(Doc. 17-3, p.4). Plaintiff does not dispute that he did not provide State Farm with a proof of loss for any damage for which he has not previously received payment or with any documentation of such damages.

Plaintiff asserts that State Farm's motion is premature because there is a genuine issue of material fact concerning whether State Farm will grant a waiver of the proof of loss requirement. Plaintiff's contention is not persuasive. It is well established that SFIP provisions cannot "be altered, varied, or waived other than by the express consent of the [Federal Insurance] Administrator." 44 C.F.R. §61.13(d); *Marseilles Homeowners Condominium, Inc. v. Fidelity National Insurance Company*, 542 F.2d 1053, 1058 (5th Cir. 2008); *Gowland*, 143 F.3d at 953.

5

Thus, State Farm lacks authority to grant such a waiver. Moreover, State Farm has now indicated that "it does not intend to seek a waiver from FEMA as its adjustment of Plaintiff's flood loss claim prior to the lawsuit as well as during litigation reveals that no further amounts are owed." Doc. 19-2, p.4.

Additionally, plaintiff urges that by failing to grant plaintiff a waiver of the timely proof of loss requirement when such waivers have been granted to other claimants, State Farm has violated his right to due process and equal protection. In *Wientjes v. American Bankers Insurance Company of Florida*, 339 Fed. Appx. 483, 2009 WL 2391407 at *3(5th Cir. August 5, 2009), the Fifth Circuit rejected this contention stating:

> For these fairly bold arguments, the Wientjeses cite no legal authority. We find none to support these propositions. The few district courts to have reached similar issues have concluded that the proof-of-loss requirement did not violate the constitutional rights of the insured. The Wientjeses have not offered anything to convince us to hold otherwise. (internal citations omitted).

Nothing in this case mandates a different result.

Because plaintiff failed to comply with the SFIP requirement to timely file a proof of claim including supporting documentation, prior to filing suit, State Farm is entitled to summary judgment dismissing plaintiff's claim Accordingly,

**IT IS ORDERED** that State Farm Fire and Casualty Company's motion for summary is **GRANTED;**

**IT IS FURTHER ORDERED** that Willie Antoine's claims against defendant State Farm Fire and Casualty Company are hereby **DISMISSED WITH PREJUDICE** at his cost.

New Orleans, Louisiana, this 19th day of April, 2010.

                                                     STANWOOD R. DUVAL, JR.
                                           UNITED STATES DISTRICT JUDGE